**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABS BROKERAGE SERVICES, LLC, ET AL., | |
| Plaintiffs, | Civ. No. 09-4590 (DRD) |
| v. | **O P I N I O N** |
| PENSON FINANCIAL SERVICES, INC., | |
| Defendant. | |

*Appearances by:*

LOWENSTEIN SANDLER, P.C.
by:  Douglas S. Eakeley, Esq., Karl Greenfield, Esq., and Alan S. Modlinger, Esq.
65 Livingston Avenue
Roseland, NJ 07068

     *Attorneys for Plaintiffs*

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
by:  Leo V. Leyva, Esq.
25 Main Street
Hackensack, NJ 07601

MAYER BROWN, LLP
by:  Mark Cuccaro, Esq., Adam Goldstein, Esq., and Mark G. Hanchet, Esq.
1675 Broadway
New York, NY 10019

     *Attorneys for Defendant*

**DEBEVOISE, Senior District Judge**

This matter comes before the Court on a Motion for Reconsideration submitted by Plaintiffs, ABS Financial Services, LLC ("ABS"), Pro Securities, LLC, and ISERoute, LLC. Contending that the Court's July 8, 2010 Opinion and Order denying their request pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a), to vacate an arbitration award suffered from a clear error of law, those Plaintiffs argue that the Court should exercise its power under Federal Rule of Civil Procedure 60(b) to vacate that ruling and the July 14, 2010 Judgment implementing its mandate.

For the reasons set forth below, the Court rejects Plaintiffs contention that its previous ruling suffered from a clear error of law.  Therefore, Plaintiffs' Motion for Reconsideration will be denied.

## I.  BACKGROUND

The circumstances underlying this dispute were set forth in the Court's July 8, 2010 Opinion.  See ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc., 2010 WL 2723173 at *1-3 (D.N.J. 2010).  For the sake of brevity, the Court incorporates by reference the "background" section of that ruling, and will refrain from revisiting the facts contained therein except insofar as they are relevant to the pending Motion.

Plaintiffs are a group of securities brokers that execute trades submitted to them by "routing brokers" – another type of securities broker that accepts orders from individual customers to buy or sell specific securities.  Penson is a "clearing broker," which logs the records of those transactions with a national organization devoted to tracking trades, such as the National Securities Clearing Corporation.

This case involves a dispute between Plaintiffs and Penson over the method by which payment for the latter's services in clearing trades executed by Plaintiffs was to be calculated under the contracts between the parties.  Those contracts – which were identical in all respects relevant to this ruling – included an arbitration clause, which stated that, "[i]n the event of a dispute between the parties, such dispute shall be settled by arbitration" and provided that the ruling of the arbitration panel would be "be final and binding between the parties and judgment thereon may be entered by any court of competent jurisdiction." (Def.'s Br. Supp. Mot. Confirm, Decl. of Mark Cuccaro ("Cuccaro Decl."), Exs. 1-3 at ¶ 20(g).)  Additionally, the contracts included a provision stating that they could "be modified only in a writing signed by both parties."  (Id. at ¶ 20(c).)  Regarding the construction of their terms, the contracts provided that they would be interpreted in accordance with "the statutory and common law of the state of Texas."  (Id. at ¶ 20(f).)

On July 10, 2008, the Plaintiffs instituted an arbitration in which they claimed that Penson had breached the aforementioned contracts by calculating its fees in a manner other than the one prescribed in those agreements.  In response to that claim, Penson asserted that the parties had orally modified their agreements in May 2006 to allow for the alternative billing method.  After arbitration proceedings that included 11 months of discovery, extensive briefing, and a three-day evidentiary hearing, the arbitration panel on August 7, 2009, issued a decision in which it sided with Penson.  That ruling did not include any explanation or analysis, but simply stated that:

> After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1.     Claimaints' claims are denied in their entirety.

       2.      ABS is liable for and shall pay to [Penson] compensatory damages in the amount of $820,000.00.

       3.      Any and all relief not specifically addressed herein, including punitive damages, is denied.

(Cuccaro Decl., Ex. 4.)

Plaintiffs initiated this action on September 4, 2009 by filing a Motion requesting that the Court vacate the arbitration award pursuant to Section 10 of the FAA, 9 U.S.C. § 10(a). As their primary argument in support of that request, Plaintiffs asserted that, by accepting Penson's claim that the contracts were orally modified, the arbitrators had "exceeded their power by acting in manifest disregard of the law and the facts." Plaintiffs noted that the contracts specifically stated that any modification must be in writing. Additionally, they cited Texas law stating that contracts may not be modified orally if those contracts are required to be in writing. Since the Texas version of the Statute of Frauds requires that all contracts whose term exceeds one year must be in writing and the agreements at issue in this case had two-year terms, Plaintiffs contended that any purported oral modification would have been invalid.

Arguing that the arbitrators did not exceed their powers, Penson cross-moved to confirm the award. In doing so, it cited the high degree of deference given to such awards under the standard of review applicable to requests for vacatur pursuant to the FAA. That standard does not allow a federal court to vacate an arbitration award simply because it believes that the arbitrators misinterpreted the contract at issue or committed an error of law. W.R. Grace & Co. v. Local Union 759, Int'l Union of Rubber, Cork, Linoleum, & Plastic Workers of Am., 461 U.S. 757, 764 (1983) ("[A] federal court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be the better one."); Local 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Prod., Inc., 773 F.2d 530, 533 (3d Cir. 1985) ("Nor may a

4

court disturb an arbitrator's award because it finds an error of law."). To the contrary, an arbitration award must be confirmed "[a]s long as the arbitrator has <u>arguably</u> construed or applied the contract … regardless of the fact that a court is convinced that arbitrator has committed a serious error." <u>News Am.</u>, 918 F.2d at 24 (emphasis in original).

In light of that deferential standard and the arguments presented during the arbitration, Penson contended that the arbitrators' ruling – and their implied acceptance of Penson's claim that the contracts were orally modified – was arguably reasonable and must be confirmed. Specifically, Penson pointed to portions of its briefs and oral arguments from the arbitration proceedings in which it cited cases holding that Texas law permits a written contract to be modified by a subsequent oral agreement even when the written contract includes a clause prohibiting such modifications, and submitted case law holding to that effect. Additionally, Penson noted portions of its arbitration briefs in which it cited case law tending to show that the purported oral modification of its contracts with Plaintiffs would not have violated the Statute of Frauds.

In a ruling dated July 8, 2010, the Court denied Plaintiffs' Motion to Vacate and granted Penson's Motion to Confirm the arbitration award. In doing so, the Court first noted that under the deferential standard applicable to requests for review of an arbitration award, it was prohibited from second-guessing the merits of the arbitrators' decision. <u>See</u> <u>ABS</u>, 2010 WL 2723173 at *5 ("[I]t is well-established that 'a court may not review the merits of [an] arbitral decision.'") (quoting <u>News Am.</u>, 918 F.2d at 24). Rather, the Court noted that long-established precedent required that the arbitrators' ruling be confirmed regardless of whether it included errors of law as long as that ruling was supported by at least some of the evidence in the record and was an arguably reasonable construction of the parties' contracts. <u>Id.</u> ("An arbitrator's

decision must be 'totally unsupported by the principles of contract construction and the law' to constitute 'manifest disregard.' … Thus, '[a]s long as the arbitrator has <u>arguably</u> construed or applied the contract, the award must be enforced, regardless of the fact that a court is convinced that arbitrator has committed a serious error.'") (quoting <u>News Am.</u>, 918 F.2d at 24 (emphasis in original)).

Applying that standard in light of the record developed during the arbitration, the Court ruled that the award must be confirmed, stating:

> Far from being "totally unsupported," it appears that the arbitrators' decision in this case was the result of an arguably-valid interpretation of the contracts between the parties. Although those contracts specified that they could be "modified only in a writing signed by both parties," (Cuccaro Decl., Exs. 1-3 at ¶ 20(c)), they also stated that their terms would be construed in accordance with "the statutory and common law of the state of Texas." (<u>Id.</u> at ¶ 20(f).) Penson argued during the arbitration proceedings that Texas law permits a written contract to be modified by a subsequent oral agreement even when the written contract includes a clause prohibiting such modifications, and submitted case law holding to that effect. <u>See</u> (Cuccaro Decl., Ex. 7 at 5-6 (Penson's pre-hearing arbitration brief, citing <u>Schwartz v. NMS Indus., Inc.</u>, 517 F.2d 925, 929 (5th Cir. 1975) ("It is clear that under Texas law, the parties to a written agreement may subsequently make oral modifications to that agreement."); <u>Ramirez v. Flores</u>, 2006 WL 927295 at *4 ("Texas law permits a written contract … to be modified by a subsequent oral agreement even though the written contract contains a clause prohibiting oral modification of the agreement.")).) At least one case, not cited by either party,[1] contains a binding statement of law that supports Penson's argument. <u>See</u> <u>Hyatt-Cheek Builders-Eng'rs v. Bd. of Regents</u>, 607 S.W.2d 258, 265 (Tex. Ct. App. 1980) ("A written contract, not required by law to be in writing, may be modified by subsequent oral agreement, even if it provides that it can be modified only by a written agreement.").
>
> Similarly, Penson submitted to the arbitration panel case law tending to show that the purported oral modification of its contracts with Plaintiffs would not have violated the statute of frauds. <u>See</u> (Cuccaro Decl., Ex. 5 at 10 (Penson's post-hearing brief, citing <u>Exxon Corp. v. Breezevale, Ltd.</u>, 82 S.W.3d 429, 439 (Tex. Ct. App. 2002) ("Under the partial-performance exception to the statute of frauds,

---

[1] Plaintiffs note in their brief in support of the pending Motion for Reconsideration that they did, in fact, cite <u>Hyatt-Cheek</u> in their previous filings. The Court erred in stating otherwise. While Plaintiffs were not prejudiced by that error, which had no bearing on the Court's ultimate holding in its July 8, 2010 ruling, the Court apologizes for its oversight in stating that the case was "not cited by either party."

a court may enforce an oral contract that has been partially performed if enforcement is necessary to prevent a virtual fraud."); Mercer v. C.A. Roberts Co., 570 F.2d 1232, 1236 (5th Cir. 1978) ("Texas courts have, in many situations, held that full or partial performance of an oral agreement by one party precludes invocation of the statute of frauds by the other.")).)  In light of those precedents, it appears that there was at least some basis on which the arbitration panel could have ruled that the contracts between Plaintiffs and Penson were orally modified. Therefore, the arbitrators did not act in "manifest disregard" of the law, even if their ruling was ultimately erroneous.  News Am., 918 F.2d at 24 ("As long as the arbitrator has arguably construed or applied the contract, the award must be enforced, regardless of the fact that a court is convinced that arbitrator has committed a serious error.") (emphasis in original).

Id. at *6-7.

In other words, the Court held that – regardless of the ultimate correctness of the arbitrators' acceptance (which was implied in their rejection of Plaintiffs' claims) of Penson's contention that the contracts between the parties were orally modified – the ruling below was "arguably" reasonable and was not "totally unsupported" by the evidence in the record.  See News Am., 918 F.2d at 24 (stating that such awards must be confirmed).  Therefore, it denied Plaintiffs' Motion to Vacate that ruling and confirmed the arbitration award.

## II.  DISCUSSION

Arguing that the Court committed a clear error of law by denying their Motion to Vacate the arbitration award, the Plaintiffs now move pursuant to Federal Rule of Civil Procedure 60(b) for reconsideration of the July 8, 2010 Opinion and Order.  Plaintiffs premise that request on two main arguments.  First, they contend – in what is essentially a restatement of one of the arguments they made in connection with their earlier Motion to Vacate the arbitration award – that, under Texas law, a contract that must be in writing cannot be modified orally.  Since the Texas version of the Statute of Frauds required that the contracts in this case be in writing, Plaintiffs argue that the arbitrators exceeded their power by ruling in favor of Penson, and that this Court committed clear error by confirming that ruling on the grounds that "the arbitrators'

7

decision in this case was the result of an arguably-valid interpretation of the contracts."  <u>ABS</u>,

2010 WL 2723173 at *7.

Additionally, Plaintiffs argue that rules prohibiting oral modification of contracts such as

those at issue in this litigation promulgated by the New York Stock Exchange ("NYSE") and

National Association of Securities Dealers ("NASD") preempt any Texas law to the contrary.

Critical to that argument is the Plaintiffs' contention that such rules – which must be approved by

the Securities and Exchange Commission ("SEC") – have the force of federal law.

In opposition to the pending Motion, Penson notes that Plaintiffs did not raise the issue of

whether Texas law is preempted by NYSE and NASD rules in connection with the arbitration or

their earlier Motion to Vacate.  Therefore, Penson contends that Plaintiffs' preemption argument

cannot form a proper basis for reconsideration of the July 8, 2010 Opinion and Order.  Even if

the Court were to consider that argument, Penson contends as a factual matter that the rules on

which Plaintiffs rely do not prohibit the oral modification of pricing provisions in contracts such

as those at issue here.

Penson characterizes Plaintiffs' other argument – that the arbitrators exceeded their

powers by ruling in Penson's favor and this Court committed clear error in confirming that

award because the contracts in this case were required under Texas law to be in writing and that

state's jurisprudence does not allow the oral modification of such contracts – as an impermissible

request for this Court to review the merits of the arbitrators' ruling.  In doing so, it notes the

deferential standard of review applied to such judgments, which it contends requires Plaintiffs to

demonstrate that the arbitrators were aware of the governing legal standard and made a conscious

decision to ignore it.  Since Plaintiffs have not made such a showing, Penson contends that their

Motion for Reconsideration of the Court's July 8, 2010 ruling must be denied.

**A.  Standard of Review**

"[I]t is well-established in this district that a motion for reconsideration is an extremely limited procedural vehicle." Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. 1992).  As such, a party seeking reconsideration must satisfy a high burden, and must "rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Since the evidence relied upon in seeking reconsideration must be "newly discovered," a motion for reconsideration may not be premised on legal theories that could have been adjudicated or evidence which was available but not presented prior to the earlier ruling.  See Id. Local Civil Rule 7.1(i), which governs such motions, provides that they shall be confined to "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has 'overlooked.'"  The word "overlooked" is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, "[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration." Resorts Int'l, 830 F. Supp. at 831; see also Egloff v. N.J. Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988); Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

A decision suffers from "clear error" only if the record cannot support the findings that led to that ruling. United States v. Grape, 549 F.3d 591, 603-04 (3d Cir. 2008) (citations omitted).  Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which

it bases its request were without support in the record, or (2) would result in "manifest injustice" if not addressed.  See Grape, 549 F.3d at 603-04; N. River Ins., 52 F.3d 1218.  Mere "disagreement with the Court's decision" does not suffice.  P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp., 161 F. Supp.2d 349, 353 (D.N.J. 2001).

**B.  Plaintiffs' Arguments**

Under that standard, Plaintiffs' Motion for Reconsideration of the Court's July 8, 2010 ruling must be denied.  As discussed above, Plaintiffs assert two main arguments in support of that Motion.  The first rests on a misunderstanding of the standard of review applied by federal courts to arbitration awards.  The second could have been made in connection with the earlier proceedings but was not, and therefore cannot form a proper basis for reconsideration.

In arguing that the Court committed clear error by ruling that the arbitrators' decision "was the result of an arguably-valid construction of the contracts between the parties," ABS, ABS, 2010 WL 2723173 at *7, Plaintiffs reiterate many of the points raised in their earlier Motion to Vacate.  Their argument depends on three logical steps – the first two of which ask the Court to engage in a more searching review of the arbitrators' ruling than is allowed.  First, Plaintiffs claim that, although the arbitrators did not include any explanation for their ruling rejecting Plaintiffs' claims in the arbitration or explicitly accept Penson's argument that the contracts were orally modified or, they must have done so.  Second, they argue that, in doing so, the arbitrators exceeded their powers.  (As discussed above, that argument is based on Plaintiffs' contention that the contracts between the parties were required by Texas law to be in writing.  Plaintiffs argue that the arbitrators' should have disregarded the precedents cited by Penson – which held that, under Texas law, a contract may be orally modified even when its terms explicitly prohibit such modifications – because those precedents apply only to cases in which

the contracts at issue are not required to be in writing.)  Finally, Plaintiffs assert that, since the arbitrators' exceeded their powers in accepting Penson's argument, this Court committed a clear error of law by confirming their ruling.

The first logical step in Plaintiffs' argument asks the Court to make assumptions about the arbitrators' reasoning, namely, that they agreed with Penson's assertion that the contracts between the parties were orally modified.  In the absence of any statement by the arbitrators' to that effect, this Court is prohibited from doing so.  The FAA puts in place a "national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway."  Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 588 (2008).  It does not allow federal courts to delve into the record in an effort to correct the arbitrators' factual or legal rulings.  News Am., 918 F.2d at 24 ("[A] court may not review the merits of [an] arbitral decision."); Metromedia Energy, Inc. v. Enserch Energy Servs., Inc., 409 F.3d 574, 578 (3d Cir. 2005) ("[A]n arbitrator's improvident, even silly, factfinding does not provide a basis for a reviewing court to refuse to enforce the award.").  Engaging in the assumption urged by Plaintiffs – that the arbitrators accepted Penson's argument relating to oral modifications of the contracts – would itself be an interpretation of the decision below.  It is precisely to stop courts like this one from being forced to engage in such speculation that the FAA prohibits review of the merits of an arbitral panel's decision.  See Hall St., 552 U.S. at 588 (Allowing more searching review would frustrate the purpose of the FAA by "open[ing] the door to full-bore legal and evidentiary appeals that c[ould] render informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process.").

Even if the Court accepted the assumption urged by Plaintiffs, the arbitration decision would have been entitled to confirmation for the reasons set forth in the July 8, 2010 ruling.

Plaintiffs' contention that the arbitrators exceeded their powers by ruling that the contracts between the parties were orally modified cannot form a basis for vacatur of the award. Reduced to their essence, Plaintiffs' arguments in support of that contention allege that the arbitrators committed an error of law – that, because the contracts in this case were required to be in writing and such contracts cannot be modified orally, the arbitrators should have ruled differently.

As discussed in the July 8, 2010 Opinion, Penson presented the arbitrators with precedents stating that, under Texas law, a contract may be modified orally even if it explicitly prohibits such modifications. See (Cuccaro Decl., Ex. 7 at 5-6 (Penson's pre-hearing arbitration brief, citing Schwartz, 517 F.2d at 929 ("It is clear that under Texas law, the parties to a written agreement may subsequently make oral modifications to that agreement."); Ramirez, 2006 WL 927295 at *4 ("Texas law permits a written contract … to be modified by a subsequent oral agreement even though the written contract contains a clause prohibiting oral modification of the agreement.")).). Plaintiffs contend that the arbitrators erred by applying those precedents to the contracts at issue in this case.[2] See Hyatt-Cheek, 607 S.W.2d at 265 (stating that only contracts that are "not required by law to be in writing, may be modified by subsequent oral agreement").

---

[2] The Court expresses no opinion as to whether that ruling was, in fact, erroneous. See Local 863, 773 F.2d at 533 ("[A] court may not review the merits of [an] arbitral decision."). As discussed in the July 8, 2010 Opinion, Penson presented the arbitrators with Texas case law that rebuts much of Plaintiffs' argument, including cases holding that an oral modification to a contract that would otherwise be invalid is enforceable if the parties have partially performed on that modification. See (Cuccaro Decl., Ex. 5 at 10 (Penson's post-hearing brief, citing Exxon Corp. v. Breezevale, Ltd., 82 S.W.3d 429, 439 (Tex. Ct. App. 2002) ("Under the partial-performance exception to the statute of frauds, a court may enforce an oral contract that has been partially performed if enforcement is necessary to prevent a virtual fraud."); Mercer v. C.A. Roberts Co., 570 F.2d 1232, 1236 (5th Cir. 1978) ("Texas courts have, in many situations, held that full or partial performance of an oral agreement by one party precludes invocation of the statute of frauds by the other.")).) The Court's July 8, 2010 holding was limited to the proposition that, in light of those precedents and the other evidence in the record the arbitrators' ruling – regardless of its ultimate correctness – was not "totally unsupported by the principles of contract construction and the law," and was therefore entitled to confirmation under Section 9 of the FAA. See News Am., 918 F.2d at 24.

12

Such an error would not, however, constitute "manifest disregard" of the governing law.  News Am., 918 F.2d at 24 ("An arbitrator's decision must be "totally unsupported by the principles of contract construction and the law" to constitute "manifest disregard…. As long as the arbitrator has arguably construed or applied the contract, the award must be enforced, regardless of the fact that a court is convinced that arbitrator has committed a serious error.") (emphasis in original). To the contrary, an arbitration panel exceeds its powers by acting in "manifest disregard" of the law only when "the arbitrators were aware of the law, understood it correctly, found it applicable to the case before them, and yet chose to ignore it in propounding their decision."[3] Three S Del., Inc. v. DataQuick Info. Sys., Inc., 492 F.3d 520, 529 (4th Cir. 2007); see also Peebles v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 431 F.3d 1320, 1327 (11th Cir. 2005) ("On the record before us, we cannot find proof that the arbitrators recognized a clear rule of law and chose to ignore it. Therefore, we cannot find that the arbitrators acted in manifest disregard for the law."); Duferco Int'l Steel Trading v. T. Klaveness Shipping, A/S, 333 F.3d 383, 389 (2d Cir. 2003) ("A party seeking vacatur [based on 'manifest disregard] bears the burden of proving that the arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it."); Dawahare v. Spencer, 210 F.3d 666, 669 (6th Cir. 2000) ("[T]o find manifest disregard a court must find two things:  the relevant law must be clearly defined and the arbitrator must have consciously chosen not to apply it.").  In light of the fact that the arbitrators in this case did not include an explanation of their holding, Plaintiffs cannot demonstrate that ruling was the result of a conscious decision to disregard the governing law rather than a misapplication of Texas precedents.  Therefore, their request for vacatur – and

---

[3] While the Court of Appeals for this Circuit has never applied that standard in a precedential ruling, it has done so in unpublished Opinions.  See Paul Green Sch. of Rock Music Franchising, LLC v. Smith, 2010 WL 2993835 at *4 (3d Cir. 2010); Black Box Corp. v. Markham, 127 Fed. App'x 22, 26 (3d Cir. 2005).

the pending Motion for Reconsideration – rely only on allegations of legal error, and must be denied.  Local 863, 773 F.2d at 533 (A court may not "disturb an arbitrator's award because it finds an error of law.").

Plaintiffs' second argument – that any provision of Texas law allowing for oral modification of the contracts at issue would be preempted by NYSE and NASD rules – must be rejected for similar reasons.  Plaintiffs did not assert that argument in connection with their Motion to Vacate the arbitration award.  Therefore, it cannot serve as a proper basis for reconsideration.  Resorts Int'l, 830 F. Supp. at 831 ("Only dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration.").  Nor could it form the grounds for a ruling that the arbitrators "exceeded their powers," as Plaintiffs did not contend during the arbitration that the Texas laws cited by Penson were preempted by the aforementioned rules.  Thus, Plaintiffs cannot show that the arbitrators "were aware of the law, understood it correctly, found it applicable to the case before them, and yet chose to ignore it in propounding their decision."  Three S Del., 492 F.3d at 529.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Reconsideration is denied.  The

Court will enter an Order implementing this Opinion.




  **s/ Dickinson R. Debevoise**_____
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:  August 16, 2010